UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHARLES FRANKLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:08-cv-435-JMS-WGH |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus**

Charles Franklin is confined by the Bureau of Prisons following his conviction in the United States District Court for the Eastern District of Missouri. Franklin has now filed a petition for a writ of habeas corpus.

Whereupon the court, having considered the habeas petition and the supplements thereto and the expanded record, and being duly advised, finds that Franklin's petition for a writ of habeas corpus must be denied and this action dismissed. This conclusion rests on the following facts and circumstances:

1. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States,* 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A 28 U.S.C. § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

2. A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

      3.     Franklin was convicted of possession with intent to distribute more than fifty grams of cocaine base. He was sentenced to a term of imprisonment of 240 months. His sentence was enhanced based on a prior conviction entered in a Missouri state court. Franklin's conviction and sentence were affirmed on direct appeal in *United States v. Franklin*, 250 F.3d 653 (8th Cir. 2001) *cert denied* 534 U.S. 1009 (2001). Franklin now continues his challenge to the sentence enhancement imposed by the trial court.

      4.     Franklin's challenge to the sentence enhancement was rejected in his direct appeal. 250 F.3d at 665. His further challenge to the sentence enhancement was rejected by the trial court in a motion for relief pursuant to 28 U.S.C. § 2255. *Franklin v. United States*, 2006 U.S. Dist. Lexis 231, at *11 (E.D.MO. 2006). Yet another challenge was rejected by the trial court on June 1, 2011, in Franklin's mislabeled motion for relief from judgment. Because Franklin's challenge to his sentence enhancement could have been and has been presented previously, the remedy afforded by § 2255 was anything but "unavailable" or ineffective to test the validity of his conviction. It is not available for further review here. Franklin has not been imprisoned for a nonexistent offense; has not been sentenced above the statutory maximum; and is not factually innocent. Franklin's last attempt to evade this conclusion is to challenge the accuracy of the presentence investigation report, but such an effort is untimely. Pursuant to [Rule 35(f)(1) of the *Federal Rules of Criminal Procedure*](#), a party must file any objection to the contents of his presentence investigation report in writing and within 14 days of the date he receives a copy of such. Thereafter, a court may only allow new objections upon a showing of "good cause," and only up until the time that sentence is imposed. FED.R.CRIM.P.R. 32(i)(1)(D). That occurred in Franklin's case long ago—more than a decade ago—on July 7, 2000. Accordingly, the contents of Franklin's presentence investigation report are no longer subject to revision or to challenge. *See* [*U.S. v. Moore,* 414 Fed. App'x. 862, 863 (7th Cir. 2011)](#).

      5.     In summary, therefore, Franklin has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. Because he cannot obtain the review or the relief he seeks in this action pursuant to 28 U.S.C. § 2241(c)(3), the action must be dismissed. *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).

      Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date:   02/16/2012

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana