UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHARLES FRANKLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:08-cv-435-JMS-WGH |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**E N T R Y**

Petitioner Franklin seeks reconsideration of an order denying his petition for a writ of habeas corpus.

Based on its timing and content, Franklin's motion for relief to reconsider is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

There was in this case no manifest error of law or fact. The court did not misapprehend the petitioner's claims, nor did it misapply the law to those claims in denying relief. Accordingly, the motion to alter or amend judgment [41] is **denied.**

**IT IS SO ORDERED.**

Date: 03/19/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Charles Franklin
24499-044
Terre Haute - FCI
P.O. Box 33
Terre Haute, IN 47808

All Electronically Registered Counsel